John Gregory Downing (State Bar No. 157717)
DOWNING LAW OFFICES
2021 The Alameda Suite 200
San Jose, CA 95216
Tel: (408) 564-7020
Email: john@downinglaw.com

Attorneys for Debtor and Plaintiff
PATRICIA A. BORING

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA (OAKLAND DIVISION)

| | |
|---|---|
| In re:<br>PATRICIA A. BORING,<br>    Debtor.<br><br>PATRICIA A. BORING,<br>    Plaintiff,<br>    vs.<br>YEVA, INC., a California Corporation dba SAXE MORTGAGE COMPANY, JOSEPH KRISTUL, CNA EQUITY GROUP, a California Corporation; the ESTATE OF DEREK WHEAT aka SAMUEL WHEAT aka DEREK JONES, and Does 1 through 20, Inclusive,<br>    Defendants. | **Case No. 22-04029**<br><br>**BK Case No.: 2022-40039-RLE-13** |

**SECOND AMENDED COMPLAINT TO QUIET TITLE, FOR CANCELLATION OF DEED, FOR DAMAGES AND FOR INJUNCTION AND DECLARATORY JUDGMENT**

Debtor PATRICIA A BORING ("Debtor"), by and through her attorney of record, files the following Second Amended Adversary Complaint.

**Jurisdiction and Venue**

1. On January 17, 2022, Debtor filed her Chapter 13 Petition in Northern District of California Case Number 2022-40039 (the "Bankruptcy Case") and has filed all

2nd Amended Adversary Complaint
*Boring v. Saxe* **(Case No. 22-04029)**

required documents, including without limitation, the Schedules, Statement of Financial Affairs, her Chapter 13 Plan, and her Certificate of Credit Counseling.

2. This is an adversary proceeding filed pursuant to Rule 7001 (2), Federal Rules of Bankruptcy Procedure.

3. Jurisdiction over the claims for relief exist pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

4. Venue is properly in the Northern District of California pursuant to 28 U.S.C. §§1408 and 1409(a) as Debtor has properly filed her case here.

## General Allegations

5. At all relevant times, Debtor resided at, and as successor trustee of the Stanley J. Maluka Living Trust dated 3/20/1998, owned 1028 Evelyn Avenue, Berkeley, California 94618 in Alameda County (APN 060-2409-005))(the "Residence") with a legal description as follows:

> The land referred to herein is situated in the State of California, County of Alameda, City of Berkeley and described as follows:
>
> Lots 42 and 43, in Block "Z" as said Lot and Block are shown on the Amended Map of Regents Park", filed December 27, 1905 in Book 18 Maps, at Page 38, in the office of the County of Recorder of Alameda County.

6. Defendant YEVA, INC., a California Corporation with a principal place of business at 950 John Daly Blvd, Suite 200, Daly City, California which at all relevant times did business as Saxe Mortgage Company ("Saxe").

7. Saxe holds California Real Estate License 01823875, Defendant GENE KRISTUL ("Kristul") is Saxe's Designated Officer, with California Real Estate License 01089725.

8. Defendant CNA EQUITY GROUP, INC., a Professional Corporation ("CNA") is the holder of California Real Estate License 01841671 has a principal place of business in Danville, California.

9. Samuel Wheat is also known as Derek Wheat and was known to Debtor as Derek Jones ("Wheat"). Wheat is now deceased and on information and belief, a probate estate has been opened for Wheat and Debtor has therefore named

the ESTATE OF SAMUEL WHEAT as a Defendant. At all relevant times, Wheat resided and conducted business as a real estate investor in Alameda County, California.

10. Plaintiffs is informed and believes, and thereon alleges, that each of the defendants named herein was, at all times relevant to this action, the agent, employee, representing partner, co-conspirator, or joint venturer of the remaining defendants and was acting within the course and scope of that relationship. Plaintiffs are further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

11. Plaintiffs do not know the true names of defendants DOES 1 through 20, inclusive, and therefore sues them by those fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. On information and belief, some or all of defendants DOES 1 through 20, inclusive, are persons, unknown to Plaintiffs, who are claiming a right, title, estate, lien, or interest in the Residence adverse to that of Plaintiffs or whose claim constitutes a cloud on Plaintiffs' title thereto.

12. Debtor has been unemployed and has earned no income, other than social security, since 2009. Debtor has not filed tax returns since approximately 2009 because she has not been legally required to do so. Debtor has owned no investments or substantial assets other than her Residence. Prior to 2015, Debtor owned the

13. Saxe claims, and Debtor disputes, that Debtor and Saxe entered into the following loan transactions (collectively, the "Loans"):

   a. March 25, 2015: Alleged $549,500 loan to Patricia Boring, Saxe acts as broker and receives a total of $100,304.50 from escrow (the "First Loan").

   b. January 20, 2016: Alleged $770,0000 Loan to Patricia Boring (the "Second Loan"), Saxe Mortgage Company receives payoff of $549,500

|   |     | plus $62,614.83 from escrow in fees and interest. In addition, $60,000 was paid to a Michael Mak. |
|---|-----|---|
|   | c.  | 10/28/2016: Alleged $997,500 Loan To Patricia Boring, paid off the Second Loan and Saxe received an additional $47,824.86 in fees (the "Third Loan"). In addition, a $80,681.97 loan owed to Logistically Speaking was also paid off. |

14. The Third Loan is secured against the Residence by a Deed of Trust recorded October 28, 2016 as Document 2016281860 (the "Saxe Deed"). Prior to the filing of the case, Saxe had caused a Notice of Sale to be recorded pursuant to the Saxe Deed.

15. On February 14, 2022, Saxe filed Claim 9-1 based on amounts purportedly owed to Saxe by Debtor.

16. Beginning in 2015, prior to the dates the Loans were entered, Wheat made the following representations (the "Representations") to Plaintiff that: (1) that he was a paralegal; (2) that he was familiar with the operations of the Alameda County Assessor's Office; (3) that he would assist her in payment of her property taxes due to her disability; (4) that based on his investigation, Plaintiff's father had overpaid property taxes and that there was money owed to Plaintiff; and (5) that each of the documents Wheat forced Plaintiff to sign were necessary to obtaining monies from the reserve fund held her by the Assessor's Office.

17. Plaintiff relied on the Representations in executing documents related to the Loans. The Representations were false, Plaintiff never received the benefit of the purported reserve funds and never received any proceeds from the Loans.

18. Saxe and Kristul acted as broker in each of the Loans. CNA acted as broker with respect to the Second Loan and the Third Loan. Each of the Loans required payment of interest at the rate of 10.75%.

19. In brokering the Loans, Saxe, Kristul, and CNA knew, or should have known, the following facts regarding Plaintiff and Wheat:

a. That Plaintiff had been unemployed since 2009 and had no ability to pay the Loans back;

b. That Kristul and no one employed by Saxe or CNA ever had any direct contact with Plaintiff;

c. That Plaintiff resided at the Residence;

d. That Plaintiff did not knowingly sign any of the documents related to the Loans.

e. That Plaintiff had never herself made any payments on any of the Loan, that instead all payments had been made by Wheat or someone named "Mike";

f. That Saxe, Kristul, and CNA relied solely on documentation and information provided them by Wheat in approving the Loans;

g. That Wheat was not a licensed real estate agent or broker or attorney or paralegal;

h. That Wheat had at least five (5) judgments against him totaling in excess of $1.2 million, including a judgment for fraud in the case of Mildred Phillips v. Wheat (San Francisco Superior Court Case No. CGC-08-48289), in the Phillips case, Wheat impersonated a real estate agent and broker and obtained loans of more than $1 million against an elderly lady's residence without her knowledge, leading to a foreclosure and eviction;

i. That Wheat had state and federal tax liens totaling approximately amount of $800,000; and

j. That Wheat had filed bankruptcy repeatedly, individually and as representative of Institutional Vendor Management, and that Saxe had participated as a creditor in at least two (2) of the bankruptcies.

20. As alleged in paragraph 10 above and further alleged herein, the actions and the Representations were made in furtherance of a conspiracy between the

<u>Defendants, including Saxe, Wheat, Kristul, and CNA, pursuant to which these parties, beginning on March 10, 2015 and continuing through October 28, 2016, knowingly and willfully conspired and agreed among themselves to defraud Boring to exhaust all her equity in the Residence to make loans, earn commissions and misuse the proceeds without paying over any proceeds to Debtor, as part of the conspiracy brokered the Second and then the Third Loan to payoff amounts unpaid on the previous loan. The wrongful acts are detailed in paragraphs 12 through 19 above. Defendants, including without limitation, Saxe, Kristul, CNA, Wheat, and Saxe did the acts and things herein alleged pursuant to, and furtherance of, the conspiracy and above-alleged agreement. The parties cooperated, aid, encouraged and ratified the Loans, and each of them, despite knowing that Boring had not ability to repay the Loans and with the intent and knowledge that the Residence would be foreclosed on. The last over act was the making of the Third Loan and the wrongful taking of fees and proceeds in connection with the Third Loan.</u>

## FIRST CAUSE OF ACTION

### [To Quiet Title Against All Defendants]

21. Plaintiff incorporates by reference all preceding allegations.

22. Plaintiff is informed and believe and on that basis allege that Defendants are claiming an ownership interest in the Residence, including without limitation, that Saxe is claiming an interest pursuant to the Saxe Deed.

23. Pursuant to California Civil Code §760.020 and Rule 7001(2), Federal Rules of Bankruptcy Procedure, Plaintiff seeks to quiet title in the Residence, against any and all claims of Defendants who claim any title, or right, or interest in the Residence and that the Saxe Deed be determined to not be valid in that it was fraudulently obtained.

WHEREFORE, Plaintiff prays for judgment as follows.

///

## SECOND CAUSE OF ACTION

### [For Cancellation of Instrument (California Civil Code §3412) ]

24. Plaintiff incorporates by reference all preceding allegations.
25. The Saxe Deed is void or voidable as it was fraudulently obtained and obtained in violation of fiduciary duties owed by Saxe and the other Defendants to Plaintiff.
26. Plaintiff will suffer serious injury if the Saxe Deed remains of record.
27. Pursuant to California Civil Code §3412 and Rule 7001(2), Federal Rules of Bankruptcy Procedure, Plaintiff seeks an order that the Saxe Deed is not valid and canceled.

WHEREFORE, Plaintiff prays for judgment as follows.

## THIRD CAUSE OF ACTION

### [For Fraud Against All Defendants]

28. Plaintiff incorporates by reference all preceding allegations.
29. Wheat made verbal Representations to Boring in Berkeley, California, as follows:
    a. Beginning in approximately February 2015 and concluding on March 25, 2015 (1) that he was a paralegal; (2) that he was familiar with the operations of the Alameda County Assessor's Office; (3) that he would assist her in payment of her property taxes due to her disability; (4) that based on his investigation, Plaintiff's father had overpaid property taxes and that there was money owed to Plaintiff; and (5) that each of the documents Wheat forced Plaintiff to sign, including without limitation, the Promissory Note and Deed of Trust were necessary to obtaining monies from the reserve fund held her by the Assessor's Office.
    b. On or about January 20, 2016, Wheat represented that in order to obtain the reserved funds, Wheat represented that the documents related to the Second Loan, including without limitation, the Promissory Note and Deed of Trust, were necessary to obtaining monies from the reserve fund held

2nd Amended Adversary Complaint
*Boring v. Saxe* (Case No. 22-04029)  Page 7

Case: 22-04029   Doc# 55   Filed: 01/06/23   Entered: 01/06/23 17:06:25   Page 7 of 12

|   |     | by the Assessor's Office. |
|---|-----|---------------------------|

c. On or about October 26, 2016, Wheat represented that the documents related to the Third Loan, including without limitation, the Promissory Note and Deed of Trust, were necessary to obtaining monies from the reserved fund held by the Assessor's Office. <u>The Representations were made in furtherance of the conspiracy as alleged in paragraph 20 above.</u>

30. In making the Representations, Wheat was acting as the authorized agent for the other Defendants, including without limitation, Saxe.

31. In justifiable reliance on the Representations, Plaintiff executed documents including documents relating to the Loans.

32. The Representations were false and known by Defendants to be false and made with intent to have Plaintiff rely on them.

33. As a result of Defendants' fraud, as alleged above, Plaintiff has suffered damages, including without limitation, the loss of proceeds from the Loan and the potential loss of equity in the Residence, all in an amount to be proven at trial. Plaintiff seeks these damages pursuant to Rule 7001(1), Federal Rules of Bankruptcy Procedure.

34. Defendants' conduct as alleged herein was fraudulent, wanton, willful, malicious, and intended to deprive Plaintiff of her rights. Plaintiff, therefore, seeks an award of exemplary and punitive damages against Defendants.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

### [For Breach of Fiduciary Duty Against All Defendants]

35. Plaintiff incorporates by reference all preceding allegations.

36. Defendants, and each of them, including Saxe, Gene Kristul, and CNA in their capacity as brokers, owed Plaintiff a fiduciary duty to make the fullest disclosure of all material facts that might affect Plaintiffs's execution of documents relating to the Loans, including the facts referenced in paragraph 18 above, as well as to

investigate material facts, including whether Plaintiff qualified to obtain the Loans, had any ability to repay the Loans, or was aware of her obligations under the Loans or the documents she purportedly signed.

37. Defendants breached their fiduciary duty to investigate and to disclose material facts to Plaintiff.

38. As a result of Defendants' breach of fiduciary duty, Plaintiffs have suffered damages, including the potential loss of the equity in the Residence, all in an amount to be proven at trial.

39. As a result of Defendants' fraud, as alleged above, Plaintiff has suffered damages, including without limitation, the loss of proceeds from the Loan, all in an amount to be proven at trial. Plaintiff seeks these damages pursuant to Rule 7001(1), Federal Rules of Bankruptcy Procedure.

40. Defendants' conduct as alleged herein was fraudulent, wanton, willful, malicious, and intended to deprive Plaintiff of her rights. Plaintiff, therefore, seeks an award of exemplary and punitive damages against Defendants.

WHEREFORE, Plaintiff prays for judgment as follows.

## FIFTH CAUSE OF ACTION
### [Business and Professions Code §17200 et seq.]

41. Plaintiff incorporates by reference all preceding allegations.

42. Defendants' conduct, as alleged above, constitutes unfair competition and a violation of the California Business Professions Code §17200 and the California Consumer Legal Remedies Act, California Civil Code §1770 et. seq.

WHEREFORE, Plaintiff prays for judgment as follows.

## SIXTH CAUSE OF ACTION
### [For Preliminary and Permanent Injunction Pursuant (FRBP Rule 7001(7)]

43. Plaintiff incorporates by reference all preceding allegations.

44. Pursuant to the Court's powers under 11 U.S.C. §105(a), Plaintiff requests that the Court issue injunctive relief blocking Saxe from taking any action to foreclose

on the Saxe Deed.

WHEREFORE, Plaintiff prays for judgment as follows.

### SEVENTH CAUSE OF ACTION

**[For Declaratory Judgment (FRBP Rule 7001(9) Against All Defendants]**

45. Plaintiff incorporate by reference all preceding allegations.
46. An actual present controversy has arisen and now exists between Plaintiff and Defendants regarding their respective rights and duties relating to the Residence and the Saxe Deed.
47. Plaintiff seeks a judicial determination of their rights and duties with respect to Defendants and their obligations to Plaintiff pursuant to 28 U.S.C. §2201 and Rules 7001(2) and 7001(9).
48. Plaintiff requests a judicial determination that Saxe is not entitled to proceed with a foreclosure sale pursuant to the Saxe Deed and the Notice of Default.
49. A judicial determination is necessary and appropriate at this time under the circumstances in order that Plaintiff and Defendants may ascertain their rights and duties with respect to the Residence and the Saxe Deed.

WHEREFORE, Plaintiff prays for judgment as follows.

### PRAYER

Plaintiff prays for relief as follows.

1. To Quiet Title against the Saxe Deed and a judgment that the Saxe Deed is invalid and may be canceled;
2. Granting Debtor's objection to the Saxe Claim;
3. For Compensatory Damages in an amount to be proven at trial;
4. For disgorgement of any fees received by Defendants as a result of the Loans;
5. For Exemplary and Punitive Damages;
6. For a Preliminary and Permanent Injunction enjoining any action to enforce the rights under the Saxe Deed;
7. For a Declaratory Judgment that the Saxe Deed is void and not valid;

8.  For reasonable attorney's fees as provided by contract or statute;

9.  For costs of suit incurred herein; and

10. For any other and further relief as the court may deem proper.

Dated: January 6, 2023                    DOWNING LAW OFFICES

 /s/ JG Downing
John G. Downing, Attorneys for Debtor and Plaintiff PATRICIA BORING

# **VERIFICATION**

I, PATRICIA BORING, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing First Amended Adversary Complaint and that the facts stated therein are true and correct to the best of my current information and belief.

Executed September 1, 2022 in Berkeley, California.

/s/ Patricia A. Boring
Patricia A. Boring

**2nd Amended Adversary Complaint**
***Boring v. Saxe* (Case No. 22-04029)** Page 12